Eugene C. YOUNG, Plaintiff–
Appellant,

v.

David McKUNE, Warden, Lansing KS; (FNU) Barkley, Case Worker & Unit Team Manager; John Cooling, Chiefs Records Officer, Defendants–Appellees.

No. 03–3246.

United States Court of Appeals,
Tenth Circuit.

Jan. 21, 2004.

Eugene C. Young, pro se, Pacific, MO, for Plaintiff–Appellant.

Rebecca A. Weeks, Matthew W. Ricke, Office of the Attorney General, State of Kansas, Topeka, KS, for Defendants–Appellees.

Before KELLY, BRISCOE, and LUCERO, Circuit Judges.*

---

* After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R.App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## ORDER AND JUDGMENT**

PAUL J. KELLY, JR., Circuit Judge.

Plaintiff–Appellant Mr. Young, a pro se state prisoner, appeals the district court's dismissal of his claim under 42 U.S.C. § 1983. R. Doc. 49, *Young v. McKune*, 280 F.Supp.2d 1250 (D.Kan.2003). The parties are familiar with the facts and we need not restate them here. Suffice it to say that Mr. Young alleged that his former lawyer and various Kansas state officials violated his constitutional rights under the Eighth and Fourteenth Amendments and the Ex Post Facto Clause by miscalculating his sentence under a newly amended Kansas Administrative Regulation, Kan. Admin. Regs. 44–6–136. R. Doc. 1, at 3–4.

We review a dismissal under Fed. R.Civ.P. 12(b)(6) de novo. *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1201 (10th Cir. 2003). This court has thoroughly examined Mr. Young's appellate brief, the district court's memorandum and order, and the entire record on appeal. For substantially those reasons set forth in the district court's memorandum and order dated July 30, 2003, R. Doc. 49, we affirm the dismissal of his claims.

** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.